**In the Matter of R.R.P., an Alleged Delinquent Child, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–91–186.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1991.

As Corrected Sept. 26, 1991.

## ACCELERATED DOCKET ORDER

R.R.P., the sixteen-year-old appellant, was charged as an adult with the crime of Shooting With Intent to Kill in Oklahoma County District Court Case No. CRF–90–4944. Prior to preliminary hearing, appellant filed a motion for certification as a child, *see* 10 O.S.Supp.1989, § 1104.2(C), and a motion for funds to hire a psychiatric or psychological expert. The Honorable Sidney Brown, Associate District Judge, denied appellant's motion for expert funds. Following preliminary hearing, at which appellant's "reverse certification" motion was heard, the court denied appellant's motion and bound him over for trial. This appeal was automatically assigned to the Accelerated Docket of this Court pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 11.-2(a)(4), and oral argument was conducted on July 25, 1991. At the conclusion of oral argument, the parties were informed of this Court's decision.

Appellant argues on appeal, *inter alia,* that the trial court erred in denying his motion for funds to hire a psychiatric or psychological expert. In said motion before the trial court, appellant asserted that an expert was necessary for the purposes of examining and evaluating appellant and testifying on his behalf at the reverse certification hearing. Without deciding whether such expert assistance is required under Section 1104.2(C), we agree with appellant that this cause must be reversed.

In its detailed Order Denying Funds for Psychological Evaluation, the district court stated in no uncertain terms that psychiatric/psychological assistance was necessary both for the adequate preparation and presentation of appellant's motion and for an informed decision on the part of the court. Among other things, the court found that appellant's mental status and condition were "significant factors" in the court's decision whether to certify him as a child, "that both the amount and purpose of the funds requested are reasonable and necessary", that the lack of such assistance will cause appellant to suffer "substantial prejudice and will undermine the legitimacy

and reliability of the Court's decision", and that "the Court will not be able to properly individualize those decisions which it must make concerning [appellant's] certification" without expert testimony. (O.R.13–15). Although the court specifically held that appellant's "application for funds should be sustained", it denied the same "solely by reason of the fact that the Oklahoma County District Court fund is without sufficient means to pay for the funds requested...." (O.R.15).

On the basis of the foregoing, we can reach no conclusion other than this case must be reversed. The district court stated that it would be unable to properly consider appellant's certification motion without expert testimony and was then constrained to make a decision without such assistance. We empathize with the trial court's predicament regarding the apparent unavailability of funds. However, under the facts presented in the instant record, we must conclude that the trial court erred in ruling on appellant's motion without the benefit of expert assistance which the court had previously determined was essential.

IT IS THEREFORE THE ORDER OF THIS COURT that the order denying appellant's motion to be certified as a child is hereby REVERSED and REMANDED to the District Court of Oklahoma County with instructions to conduct a new hearing. On remand the district court shall, pursuant to its inherent authority, provide appellant with funds for the expert assistance which the court has previously deemed indispensable.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, PRESIDING JUDGE
DISSENTS
/s/ Tom Brett
TOM BRETT, JUDGE
/s/ Ed Parks
ED PARKS, JUDGE
/s/ Charles A. Johnson
CHARLES A. JOHNSON, JUDGE

LANE, Presiding Judge, dissenting:

I dissent to the order of the majority for the reason that I believe that the appellant has not shown that he has a demonstrable need for the psychiatric expert. I complement Judge Brown, the trial judge, for his well drafted order, and I understand his statement that he would like to have all the information possible prior to making a decision as to the issue of reverse certification. However, the question before us is whether or not the information would be beneficial to the factors affecting the determination required. In enacting 10 O.S.Supp.1989, § 1104.2 the legislature did not include a provision for the determination of whether or not the child could benefit from treatment within the juvenile system. This enactment also created a presumption that a person between the ages of 16 and 18 are to be considered by the courts to be adults if they are charged with one of the crimes listed in the section. In *State ex rel. Coats v. Rakestraw*, 610 P.2d 256, 258 (Okl.Cr. 1980) we said:

It is clear from the statute that the Legislature intended most 16 and 17 year-old persons charged with any of the enumerated offenses should be tried as adults. This is apparent from the different criteria used in making the reverse certification decision—greater weight to be given by the judge to the gravity of the offense charged, and notably absent is consideration of the sophistication and maturity and capability of distinguishing right from wrong and the likelihood of reasonable rehabilitation, both required for regular certification by 10 O.S.Supp. 1979, §§ 3 and 5.

Appellant justifies his request by claiming that the expert could provide insight to the issue of whether or not the public could be protected if the appellant were treated within the juvenile system. In light of the evidence of the nature of the crime committed and the manner in which it was committed I find this evidence is tenuous and the need weak. This is a perfect example of the type of crime that the legislature intended when it said that 16 and 17 year old youths be held accountable as adults.

I would not go so far as to say that psychiatric evidence would not be proper in some cases. It is plain that if the State were to rely on this type of evidence the

person charged should also be able to present the same type of evidence. However, in this matter the State did not offer psychiatric experts. It might also be possible that a request such as this might be proper in a different fact situation.